JANET M. HEROLD
Regional Solicitor
ANDREW SCHULTZ
Senior Trial Attorney
TARA STEARNS (Cal. Bar No. 291130)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7741
Fax: (415) 625-7772
Email: stearns.tara.e@dol.gov
*Attorneys for Plaintiff Eugene Scalia*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Scalia,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>          Plaintiff,<br>     v.<br>Valley Wide Plastering Construction, Inc., dba Valley Wide Plastering, Inc., an Arizona corporation; Jesus Guerrero, aka Jesse Guerrero, an individual; Rose Guerrero, an individual; and Jesse Guerrero, Jr., aka J.R. Guerrero, an individual,<br><br>          Defendants. | Case No. CV-18-04756-PHX-GMS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

**INTRODUCTION**

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor ("the Secretary") submits this motion for leave to file a First Amended Complaint identifying additional employees affected by the wage violations alleged in his original Complaint, adding a factual allegation that Defendants employed workers off the books, and adding John/Jane Does to the list of affected employees to account for this alleged practice.

These amendments do not materially alter the scope of this case. In the original Complaint, the Secretary made clear that he alleges ongoing violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and that the Secretary will seek relief on behalf of all employees affected by the alleged violations during the relevant time period. The proposed amendments identify additional employees who are encompassed within the scope of the original allegations, and clarifies that due to Defendants' inaccurate recordkeeping, additional employees may be identified later. Because this Motion is filed in advance of the deadline for amending the pleadings and Defendants will not suffer any prejudice from the amendments, the Secretary respectfully requests that leave be granted.

## BACKGROUND

The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, authorizes the United States Secretary of Labor to investigate and bring enforcement actions on behalf of employees who have been denied the federal minimum wage and overtime compensation requirements of the Act. *See* 29 U.S.C. § 211(a), 216(c), 217.  After an investigation, the Secretary filed a complaint against Valley Wide Plastering, Inc. and its individual owners, Jesus Guerrero, Rose Guerrero, and Jesse Guerrero, Jr., alleging, among other things, that their business practices violate the FLSA because they do not pay overtime to employees who work more than 40 hours per workweek. *See* Compl., Dkt. 1, ¶¶ 20-21, 23-24.  The Complaint alleges that these violations have occurred since October 2015 and are ongoing. *Id.* ¶¶ 20-21 (alleging that Defendants "continue to violate" the overtime requirements of the Act). Although the Secretary included the names of 768 affected employees in Exhibit A to the Complaint, the Secretary made clear that he intended to seek relief on behalf of "all Defendants' employees," including those identified in Exhibit A, and "all other employees later identified by the Secretary." Compl., Prayer for Relief, ¶ (b)(1).The Secretary sought the following remedies for the affected employees: (1) an award of back wages and liquidated damages for the affected employees under § 16(c) of the Act, 29 U.S.C. 216(c); or (2) if liquidated damages are

not awarded, an order requiring Defendants to pay back wages under § 17 of the Act, 29 U.S.C. § 217. Compl, Prayer for Relief, ¶ (b).

In this Motion, the Secretary seeks to supplement Exhibit A to the Complaint with the names of 442 more employees whom the Secretary has identified as being owed back wages and liquidated damages for violations that occurred from October 5, 2015 through the present. Stearns Decl., ¶ This supplemental list includes 210 employees whom Valley Wide hired after the period covered by the Wage and Hour investigation, whose identities were unknown to the Secretary at the time the Complaint was filed. Stearns Decl. ¶ 3. Additionally, it includes 232 employees who were identified as employees of Valley Wide during the investigation, but whom the Secretary only recently determined should be included in the Complaint. Stearns Decl. ¶ 3. The Secretary also seeks to add 390 John/Jane Does to the list to account for the employees paid off the books whom the Secretary has not yet identified. Stearns Decl. ¶ 3.

The Secretary submits this Motion in advance of the deadline for amending the pleadings and adding parties, which is October 23, 2019. Dkt. 27. Under the scheduling order, discovery will remain open until July 2020. Dkt. 21. At the time of this filing, Defendants have not yet served any discovery requests on the Secretary. Stearns Decl. ¶ 4.

## ARGUMENT

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend the complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has emphasized that this policy should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "In general, a court should liberally allow a party to amend its pleading." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Absent "strong evidence" of prejudice to the opposing party, undue delay, bad faith, or a dilatory motive, there is a presumption in favor of granting leave. *See id.* (citing *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC.*, 316 F.3d at 1052.

      Here, the First Amended Complaint primarily serves to identify additional employees whom the Secretary alleges are entitled to back wages and liquidated damages as a result of the overtime violations alleged in the original Complaint. As the Ninth Circuit has recognized, it is "well-established" that the Secretary has the authority to seek back wages on behalf of individual employees under § 17 of the FLSA "without specifically naming employees in the complaint." *Donovan v. Crisostomo*, 689 F. 2d 869, 875 (9th Cir. 1982). Doing so is necessary, however, to satisfy the procedural requirements for liquidated damages claims under § 16 (c), 29 U.S.C. § 16(c). Specifically, § 16(c) provides that for purposes of the statutes of limitations, an action is deemed commenced under that subsection on the date an employee is "specifically named as a party plaintiff" in the complaint. 29 U.S.C. § 16(c). As interpreted by the Ninth Circuit, this means that an employee must be specifically "named in the complaint" or an equivalent pleading to toll the statute of limitations under § 16(c). *See Donovan*, 689 F. 2d. at 875.[1] Thus, identifying employees in the complaint is "a procedural requirement of section 16 but not section 17." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 (2d Cir. 1988); *see also Hugler v. Kazu Constr., LLC*, 262 F. Supp. 3d 1032, 1042 (D. Haw. 2017) (explaining the difference between claims brought under § 17 and § 16(c)).  The Secretary's proposed amendment will ensure that the Secretary

---

[1] By contrast, courts have held that an action for back wages under § 17 is deemed commenced on the date the original complaint is filed, regardless of whether individual employees are named. *See Donovan,* 689 F.2d at 875; *E.E.O.C. v. Westinghouse Elec. Corp.*, 725 F.2d 211, 221 (3d Cir. 1983) ( "An action commenced under Section 17 is commenced for all purposes when the complaint is filed and the individual employees for whom relief is sought need not be named in the complaint."), *abrogated on other grounds*, *Pub. Employees Ret. Sys. of Ohio v. Betts*, 492 U.S. 158, 189 (1989); *U.S. E.E.O.C. v. Elrod*, 1986 WL 10374, at *3 (N.D. Ill. Sept. 12, 1986), *on reconsideration in part sub nom. U.S. E.E.O.C. v. Cook Cty. Dep't of Corr.*, 1986 WL 13208 (N.D. Ill. Nov. 19, 1986).

can seek any liquidated damages on behalf of the additional employees added to Exhibit A under § 16(c), and other employees whom the Secretary has not yet identified due to Defendants' practice of paying workers off the books.

Because discovery remains open and will not close until July 2020, Defendants cannot demonstrate any possible prejudice. *See AZ Holding, L.L.C. v. Frederick*, 2009 WL 3063314, at *3 (D. Ariz. Sept. 22, 2009) (finding no prejudice, in part, because discovery was ongoing). If there is any need for additional discovery based on the proposed amendments, Defendants have ample time to conduct it. Indeed, Defendants have not yet served even a first set of discovery requests on the Secretary. Stearns Decl. ¶ 4.

Moreover, the Secretary's proposed amendments does not materially alter the scope or substance of this case. Defendants were on notice from the original Complaint that the Secretary intended to recover on behalf of all employees who have been employed by Defendants since October 5, 2015, including the employees listed in Exhibit A "and all other employees later identified by the Secretary." Compl., Prayer for Relief, ¶ (b), (c). The Secretary's proposed amendments simply identify additional employees whom the Secretary alleges were affected by Defendants' alleged wage violations during that period—and provides notice that the Secretary alleges additional employees affected by these violations have yet to be identified. Finally, none of the other *Foman* factors are present.

## CONCLUSION

For the foregoing reasons, the Secretary requests that he be granted to leave to file the First Amended Complaint.

Respectfully submitted,

Dated: October 23, 2019

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD

Regional Solicitor

ANDREW SCHULTZ
Senior Trial Attorney

*/s/ Tara Stearns*
TARA STEARNS
Trial Attorney

*Attorneys for the Secretary, U.S. Department of Labor*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2019, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

>Susanne E. Ingold
>Burch & Cracchiolo, P.A.
>702 E. Osborn Road, Suite 200
>Phoenix, AZ 85014
>
>singold@bcattorneys.com

Dated: October 23, 2019              /s/ Tara Stearns
                                     Tara Stearns