JANET M. HEROLD
Regional Solicitor
ANDREW SCHULTZ
Senior Trial Attorney
TARA STEARNS (Cal. Bar No. 291130)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7741
Fax: (415) 625-7772
Email: stearns.tara.e@dol.gov
*Attorneys for Plaintiff Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Scalia,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>           Plaintiff,<br>       v.<br><br>Valley Wide Plastering Construction, Inc., dba Valley Wide Plastering, Inc., an Arizona corporation; Jesus Guerrero, aka Jesse Guerrero, an individual; Rose Guerrero, an individual; and Jesse Guerrero, Jr., aka J.R. Guerrero, an individual,<br><br>           Defendants. | Case No. CV-18-04756-PHX-GMS<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

# INTRODUCTION

The Fair Labor Standards Act ("FLSA") requires employers to pay employees an overtime premium for all hours worked in excess of forty in a work week. Contrary to those requirements, Defendants Valley Wide Plastering Construction, Inc., dba Valley Wide Plastering; Jesus Guerrero, aka Jesse Guerrero; Rose Guerrero; and Jesse Guerrero, Jr., aka J.R. Guerrero (collectively, "Defendants") have denied their employees the full lawful wages due and impeded the Secretary's investigation and their workers' ability to detect the violations by misrepresenting to workers the hours they worked, failing to maintain accurate records of employee hours, and destroying and/or altering any partial records. Through these actions, Defendants have harmed not only their own employees, but also law abiding employers who face unfair competition in the marketplace due to Defendants' illegal practices. The Secretary brings this case to recover the wages owed to Defendants' employees, to enjoin future violations, and to protect the significant public interest at stake.

# NATURE OF THE ACTION

1. Plaintiff Eugene Scalia, Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages.

2. In this case, the Secretary seeks to enjoin Defendants from violating the requirements of the FLSA under § 17 of the Act, 29 U.S.C. § 217; and to recover all wages owed to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, and any other employees that the Secretary later identifies,

together with an equal amount as liquidated damages, under § 16(c) of the Act, 29 U.S.C. § 216(c).

**JURISDICTION AND VENUE**

3.     The Court has jurisdiction over this action under § 17 of the FLSA, 29 U.S.C. § 217 (injunction proceedings to restrain violations of § 15 of the Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

4.     Venue lies in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in Arizona.

**DEFENDANTS ARE EMPLOYERS SUBJECT TO THE FLSA**

5.     Defendant Valley Wide Plastering Construction, Inc., dba Valley Wide Plastering, Inc. ("Valley Wide") is a corporation organized and existing under the laws of Arizona, with its principal place of business at 1121 West Ranch Road, Tempe Arizona, in Maricopa County, Arizona. Valley Wide is a construction contractor that provides commercial and residential stucco and exterior insulation and finishing services in and around the Phoenix Metropolitan area, Tucson, and other parts of Arizona. To provide these services, Valley Wide employs workers, including the employees named in Exhibit A, who build scaffolding, install lathing, apply stucco or other insulation and finishes, and perform other construction-related work, such as painting, driving, loading materials, and overseeing crews; workers who handle and/or oversee handling of equipment and materials in the company's storage yard; and office workers who provide administrative and clerical support to the company. At all relevant times, Defendant Valley Wide is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

6.     Defendant Jesus Guerrero, aka Jesse Guerrero ("Jesse Guerrero"), is the President, Chief Executive Officer, and 50% owner of Valley Wide. He resides in Maricopa County, Arizona. At all relevant times, he has jointly directed the day to day operations of Valley Wide with his wife Rose Guerrero and son Jesse Guerrero, Jr., aka

J.R. Guerrero ("J.R. Guerrero") and acted directly or indirectly in the interest of Valley Wide in relation to its employees, including by hiring, firing, and supervising employees, determining their pay rates, schedules, and assignments, maintaining employment records, and determining other employment practices. As a result, he is individually liable as an employer under § 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Valley Wide's employees.

7. Defendant Rose Guerrero is the Secretary and 50% owner of Valley Wide. She resides in Maricopa County, Arizona. At all relevant times, she has jointly directed the day-to-day operations of the business with her husband and son, Jesus Guerrero and J.R. Guerrero, respectively, and has acted directly or indirectly in the interest of Valley Wide in relation to its employees, including by managing and processing payroll for Valley Wide's staff, maintaining employment records, hiring, firing, and supervising employees, determining workers' pay rates, schedules, and assignments, and determining other terms and conditions of employment. As such, she is individually liable as an employer under § 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Valley Wide's employees.

8. Defendant J.R. Guerrero is the Vice President of Valley Wide. He resides in Maricopa County, Arizona. At all relevant times, he has jointly directed the day to day operations of Valley Wide with his parents Jesus Guerrero and Rose Guerrero and acted directly or indirectly in the interest of Valley Wide in relation to its employees, including by hiring, firing, and supervising employees, determining their pay rates, schedules, and assignments, maintaining employment records, and determining other employment practices.  As a result, he is individually liable as an employer under § 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Valley Wide's employees.

9. Defendants Jesus Guerrero, Rose Guerrero, and J.R. Guerrero (collectively, "the Guerreros") use various other corporate forms to operate their construction business, including Superwall Manufacturing, Inc. ("Superwall"), Casa

Rica Development and Construction, Ltd. ("Casa Rica"), and JRS Guerrero Ltd Partnership ("JRS Guerrero"). All of these entities are registered at the same place of business as Valley Wide.  Superwall, owned by J.R. Guerrero, purchases construction materials and supplies for Valley Wide's business.  JR Guerrero Ltd, also owned by J.R. Guerrero, owns property and receives rent from Valley Wide.  Casa Rica, owned by Jesse and Rose Guerrero, provides "consulting" services to Valley Wide and serves as a general contractor on projects where Valley Wide performs work. At all relevant times, the Guerreros routinely transferred funds between their companies, including by transferring hundreds of thousands of dollars each year from Valley Wide to companies owned by J.R. Guerrero. For example, in 2016 alone, Valley Wide owed or paid over $500,000 to Superwall and JRS Guerrero.

## DEFENDANTS' EMPLOYEES ARE ENTITLED TO THE WAGES AND PROTECTIONS OF THE FLSA

10.   At all relevant times, the Guerreros jointly operated and controlled Valley Wide for the common business purpose of providing construction services in and around the Phoenix Metro Area, Tucson, and other areas of Arizona. As a result, Valley Wide is and has been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

11.   At all relevant times, two or more Valley Wide employees have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including construction and stucco materials, such as Pre-Furred Stucco Netting by Davis Wire from Irwindale, California; Senerflex Fine Medium by Senergy Wall Systems from Miami, Florida; and Self-Furring Star Stucco Net by DeAcero from Laredo, TX. At all relevant times, Valley Wide has had a gross annual revenue of over $1,000,000.  As a result, Valley Wide is and at all relevant times has been engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that Valley Wide at

all relevant times had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and had an annual gross volume of sales of not less than $500,000.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. In 2012, the Wage and Hour Division, U.S Department of Labor ("Wage and Hour Division") conducted two investigations of Valley Wide's compliance with the FLSA. Since at least the time of those investigations, Defendants have been aware of the requirements of the FLSA.

13. In every workweek since at least October 5, 2015, Valley Wide employees have worked long daily and weekly hours, exceeding 40 hours each week. For example, many Valley Wide employees have routinely worked more than 8 hours per day, Monday through Friday, and also worked 8 hours on Saturdays, for a total of more than 48 hours in the workweek. Valley Wide employees across the company – including but not limited to the types of employees described in ¶ 5 – have routinely worked long hours in excess of 40 per workweek.

14. In every workweek since at least October 5, 2015, Defendants have failed to pay their employees the required overtime premium for hours in excess of 40 in the workweek. Instead, Defendants have paid employees a fixed piece rate regardless of hours worked, paid them straight time for hours worked, or failed to pay them at all for hours worked, including time spent loading materials at the yard and driving to the work site.

15. In every workweek since at least October 5, 2015, Defendants failed to create and/or retain accurate records of the daily and weekly hours worked by Valley Wide employees and the wages paid to them. For example, Defendants have failed to maintain records of employees' actual daily hours worked, falsified daily time records to cover up the hours recorded by employees, and destroyed records of daily hours worked by employees. Additionally, Defendants paid many employees "off the books,"

including by compensating those employees through cash payments and paychecks issued to other employees or individuals. As a result, their payroll records do not accurately reflect the identities of all their employees, their hours worked, or the wages paid to them.

16. By falsifying, destroying, and failing to maintain accurate records of employees hours worked, the identities of their employees, and the wages paid to them, Defendants interfered with the ability of their employees, and derivatively of the Secretary, to understand and detect Defendants' unlawful payment practices, including their failure to pay overtime.

17. On October 12, 2017, approximately one week after the Wage and Hour Division began an investigation of Valley Wide, Defendants terminated an employee whom they suspected of having complained to the Division. Defendants reinstated the employee only after the Secretary's representative intervened.

18. Over at least the next six months, Defendants continued to interfere with the Wage and Hour Division's investigation. Among other things, Defendants and their managers recorded or attempted to record employees' interviews with the Secretary's investigators, intimidated or attempted to intimidate workers who were interviewed, and pressured workers not to provide complete information to the Secretary's investigators. Through these actions, Defendants deterred their employees from exercising their rights under the FLSA, and interfered with the Secretary's efforts to detect the full extent of their violations.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Failure to Pay Overtime Premiums in Violation of the FLSA**

19. The Secretary incorporates the facts alleged in ¶¶ 1-18.

20. Defendants have violated and continue to violate §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged in commerce, for workweeks longer than 40 hours

1  without compensating the employees for all their employment in excess of 40 hours in
2  such workweeks at rates not less than one and one-half the regular rates at which they
3  were employed.
4      21.    At all relevant times, Defendants have willfully violated and continue to
5  willfully violate §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).
6  Defendants knew or should have known of the FLSA's overtime requirements but
7  nevertheless employed, and continue to employ, workers without properly compensating
8  them.  Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a
9  judgment that enjoins and restrains this violation, including restraining Defendants from
10 withholding payment of unpaid overtime compensation found to be due to present and
11 former employees, including the persons named on the attached Exhibit A, as well as
12 any employees whom the Secretary later identifies.

## SECOND CLAIM FOR RELIEF

### Violation of Recordkeeping Provisions of the FLSA

15     22.    The Secretary incorporates the facts alleged in ¶¶1-18.
16     23.    Defendants have violated and continue to violate §§ 11(c) and 15(a)(5) of
17 the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make
18 available (to the Secretary's agents for inspection, transcription, and/or copying), and
19 preserve accurate records of all employees and of the wages, hours, and other conditions
20 and practices of employment maintained, as prescribed by 29 C.F.R. § 516.
21     24.    At all relevant times, Defendants have willfully violated and continue to
22 violate § 11(c) of the FLSA, 29 U.S.C. § 211(c). Defendants knew or should have
23 known of the Act's recordkeeping requirements, and continued to create and maintain
24 inaccurate, incomplete, and/or falsified records of employees' hours worked and wages
25 paid, and destroyed partial records of hours worked.

## THIRD CLAIM FOR RELIEF

### Interference with FLSA Rights

28     25.    The Secretary incorporates the facts alleged in ¶¶ 1-18.

26.     Defendants have violated and continue to violate § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), including by terminating an employee whom Defendants suspected of complaining to the Wage and Hour Division, intimidating or attempting to intimidate employees not to cooperate with the Secretary's investigators, recording their interviews with investigators, and otherwise interfering with employees' ability to exercise their rights under the FLSA, including by misrepresenting to them their hours worked, and altering, destroying, and failing to maintain accurate time records.

27.     At all relevant times, Defendants have willfully violated and continue to violate § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Defendants knew or should have known of the Act's anti-retaliation provisions, and they took action against their employees to deter them from or punish them for exercising their rights, including by engaging in the conduct described in ¶ 26.

## **PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for judgment against Defendants as follows:

(a)     For an Order under § 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA, including §§ 6, 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5); and

(b)     For an Order:

(1)     Under § 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including overtime compensation, from at least October 5, 2015 through the present, to all of Defendants' employees including the employees listed in the attached Exhibit A and all other employees later identified by the Secretary, and an additional equal amount as liquidated damages; or

(2)     In the event liquidated damages are not awarded, under § 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees and those persons in active concert or participation

with Defendants, from withholding payment of unpaid back wages found to be due, from at least October 5, 2015 through the present, to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

    (c)    For an Order under § 17 of the FLSA, 29 U.S.C. § 217, reimbursing Defendants' current and former employees, including the persons listed on the attached Exhibit A and all other employees later identified by the Secretary, for wages lost as a result of Defendants violating § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), plus an additional equal amount in liquidated damages;

    (d)    For an Order requiring Defendants to issue a curative notice to their employees that rectifies their FLSA violations, including through notifying their employees of their rights under the FLSA and this lawsuit;

    (e)    For an Order providing such further equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' failure to keep accurate records, interference with the Secretary's investigation and actions to confuse employees about their rights under the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee; and

    (f)    For an Order awarding the Secretary the costs of this action.

Respectfully submitted,

Dated: November 22, 2019

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

ANDREW SCHULTZ
Senior Trial Attorney

*/s/ Tara Stearns*
TARA STEARNS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Trial Attorney

*Attorneys for the Secretary, U.S. Department of Labor*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

>Susanne E. Ingold
>Burch & Cracchiolo, P.A.
>702 E. Osborn Road, Suite 200
>Phoenix, AZ 85014
>
>singold@bcattorneys.com

Dated: November 22, 2019                    /s/ Tara Stearns
                                            Tara Stearns