**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secretary of Labor, United States Department of Labor, | No. CV-18-04756-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Valley Wide Plastering Construction Incorporated, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff Secretary of Labor, United States Department of Labor ("Plaintiff")'s Motion to Compel Discovery (Doc. 52), Defendants Valley Wide Plastering Construction Incorporated, et al. ("Defendants")' Motion for Protective Order (Doc. 53), and Plaintiff's Motion for Leave to File Reply (Doc. 54). Plaintiff's Motion to Compel is granted and Defendants' Motion for Protective Order is denied. The Motion for Leave to File Reply is granted.

## BACKGROUND

Plaintiff's Complaint alleges that Defendants have violated and continue to violate the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., by, among other things, failing to pay overtime and failing to maintain accurate and complete records. Before filing this action, Plaintiff investigated Valley Wide through the Wage and Hour Division (WHD) of the U.S. Department of Labor. During the investigation, Defendants provided copies of Valley Wide's general ledgers from January 2014 through September 2017 to the WHD. Plaintiff alleges that the ledgers contain records of numerous wages paid to employees that

were misclassified as other business expenses, and that these payments are relevant to Plaintiff's claim that Defendants violated the FLSA and to the amount of damages owed. Plaintiff therefore served document requests in discovery seeking Defendants' complete general ledger through the present. In response, Defendants requested a protective order.

On June 5, 2020, the Court met with the parties telephonically to resolve the discovery dispute at issue in this matter. The Court entered an order that stated, in relevant part,

> The Court met telephonically with the parties this afternoon to resolve four matters of disputed discovery. With respect to the first, the parties shall confer as to the proposed protective order provided by the Defendant. The Plaintiff shall explain with respect to each provision to which it objects why FOIA regulations prevent it from, or why it otherwise declines to, agree to that provision of the protective order. Defendant shall then identify to Plaintiff all the provisions of the protective order on which it insists before providing its updated ledger. With respect to each of those provisions the Plaintiff will have until two weeks from today to file a motion not exceeding ten pages seeking to compel the production of the updated ledger in which it sets forth the reasons why the government declines to agree to such a provision within a protective order. The Defendant shall have one week to respond to the motion to compel.

(Doc. 48.) On June 19, Plaintiff filed its Motion to Compel, requesting that the Court order Defendants to produce Valley Wide's updated general ledger from October 1, 2017 through the present without issuing a protective order, and, in the alternative, objecting to specific components of Defendants' proposed order. In their response in opposition, Defendants filed a Motion for Protective Order, requesting that the Court deny Plaintiff's motion and grant their proposed protective order in full. Plaintiff then filed a Motion for Leave to File Reply, asserting that Defendants' Opposition to the Secretary's Motion to Compel "raised additional arguments concerning the Fourth and Fifth Amendments that they failed to raise during the meet-and-confer process." (Doc. 54 at 2.)[1]

## DISCUSSION

Defendants propose a protective order seeking two types of restrictions. "First, the proposed protective order shields [Defendants'] confidential commercial and financial

---

[1] Given that Defendants' Response to Plaintiff's Motion to Compel doubled as a Motion for Protective Order and raised arguments not discussed with Plaintiff prior to its filing, the Court will grant Plaintiff's Motion for Leave to File Reply and consider Plaintiff's Reply.

1    information from being disclosed to the public at large. Second, it prevents [Plaintiff] from

2    using the general ledger for purposes other than this litigation." (Doc. 53 at 5.) In their

3    definition of "confidential information," Defendants include not only their current general

4    ledger but also their past ledgers, as well as "information from the general ledgers disclosed

5    in any materials, including documents, portions of documents, answers to interrogatories,

6    responses to requests for admissions, trial testimony, deposition testimony, and transcripts

7    of trial testimony and depositions, including data, summaries, and compilations derived

8    therefrom." (Doc. 53-2 at 1–2.)

9         "Generally, the public can gain access to litigation documents and information

10   produced during discovery. . ." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307

11   F.3d 1206, 1210 (9th Cir. 2002). However, Federal Rule of Civil Procedure 26(c) provides

12   that upon a showing of "good cause," the Court may issue a protective order requiring that

13   "a trade secret or other confidential research, development, or commercial information . . .

14   be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The party seeking a

15   protective order "bears the burden of showing, for each particular document it seeks to

16   protect, that specific prejudice or harm will result if no protective order is granted." *Foltz*

17   *v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations

18   of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the

19   26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992). Then,

20   if a court finds "particularized harm will result from disclosure of information to the

21   public," it "balances the public and private interests to decide whether a protective order is

22   necessary." *Phillips*, 307 F.3d at 1211. "Rule 26(c) confers broad discretion on the trial

23   court to decide when a protective order is appropriate and what degree of protection is

24   required." *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 36 (1984).

25        After engaging in the process required by the Court, Defendants set forth a proposed

26   protective order in its motion for protective order filed in response to Plaintiff's motion to

27   compel.  The Court declines to enter or to attempt to rewrite that order for the following

28   reasons:

First, the only matter before the Court is a protective order as it pertains to the update of the general ledger of the Defendant from October 1, 2017 through the present.  Yet the proposed protective order would apply as well to general ledger information already provided by the Defendant.  As an initial matter, the Court declines to enter a protective order that applies to information and ledgers or parts of ledgers already provided by the Defendant as to which no protective order was sought.

Second, the proposed order defines as "confidential information" any information contained in the ledger.  It does so based on the generalized assertion that plastering in Arizona is a very "cutthroat" industry and virtually any financial information contained in the general ledger is a trade secret,  Thus, the proposed order makes no attempt to distinguish the financial information in the ledger that truly constitutes protectable information from that which does not.  Rather, it defines everything in the general ledger as well as data, summaries, and compilations derived from it, and trial and deposition testimony and transcripts that involve it, as confidential.  This is simply far too broad and problematic to be workable when the government's assertions are that Defendant has mischaracterized entries in its ledgers to conceal wage payments to employees.

Third, when the entries in the general ledger can be expected to be a central part of the government's case, the confidentiality protection offered by the proposed order is so broad that it would likely require the whole trial and all motion practice prior to it to be under seal.  This is inconsistent with matters that are of significant public concern and in which there is particular public interest and thus a strong justification to keep such information accessible.

Fourth, the proposed protective order violates the law of this Circuit in requiring that material designated as confidential under the order be redacted by the government prior to its filing in Court regardless of whether the compelling interest and/or good cause standards can be met.  This further wrongfully seeks to impose the practical cost of maintaining the confidentiality on the government.  *See, e.g.*, *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

- 4 -

1      Nor in these circumstances is the Court inclined to restrict the Secretary of Labor

2  from sharing the information contained in the general ledger with other government law

3  enforcement agencies. A request to seal information that has already been publicly

4  disclosed involves "an inherent logical dilemma" in that "information that has already

5  entered the public domain cannot in any meaningful way be later removed from the public

6  domain." *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd*., 2012 WL 1432519,

7  \*2–7 (D. Ariz. Apr. 25, 2012). Finally, the use of past or current general ledgers outside of

8  this litigation may in some instances be warranted, such that Plaintiff need not "dispose of

9  all Confidential Information and Materials designated as 'CONFIDENTIAL' . . ." (Doc.

10  53-2 at 9.) "Allowing the fruits of one litigation to facilitate preparation in other cases

11  advances the interests of judicial economy by avoiding the wasteful duplication of

12  discovery." *IceMOS Tech. Corp. v. Omron Corp*., No. CV 17-2575-PHX-JAT, 2019 WL

13  5268872, at \*2 (D. Ariz. Oct. 17, 2019).

14      **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery

15  (Doc. 52) is **GRANTED** and Defendants' Motion for Protective Order (Doc. 53) **is**

16  **DENIED**.

17      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Reply

18  (Doc. 54) is **GRANTED**.

19      Dated this 10th day of September, 2020.

20

21      _____
                    G. Murray Snow
22              Chief United States District Judge

23

24

25

26

27

28