JANET HEROLD
Regional Solicitor
ANDREW SCHULTZ
Counsel for Wage and Hour Litigation
TARA STEARNS (Cal. Bar No. 291130)
ADRIANA AHUMADA (Cal. Bar No. 274295)
HAILEY MCALLISTER (Wa. Bar No. 49975)
NATASHA MAGNESS (Wa. Bar No. 55920)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: (415) 625-7741
Fax: (415) 625-7772
Email: stearns.tara.e@dol.gov
*Attorneys for Plaintiff Acting Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milton Al Stewart,<br>  Acting Secretary of Labor[1],<br>  United States Department of Labor,<br><br>      Plaintiff,<br>      v.<br><br>Valley Wide Plastering Construction, Inc., dba Valley Wide Plastering, Inc., an Arizona corporation; Jesus Guerrero, aka Jesse Guerrero, an individual; Rose Guerrero, an individual; and Jesse Guerrero, Jr., aka J.R. Guerrero, an individual,<br><br>      Defendants. | Case No. CV-18-04756-PHX-GMS<br><br>**MOTION TO RECONSIDER ORDER REQUIRING DISCLOSURE OF INFORMANTS** |

---

[1] Milton Al Stewart was assigned to be the Acting Secretary of Labor effective January 20, 2021. Pursuant to Federal Rule of Civil Procedure 25(d) the caption has been changed to reflect this assignment.

# INTRODUCTION

The Acting Secretary of Labor (the "Secretary") respectfully moves the Court to reconsider its order requiring disclosure of informants testifying at trial by April 2, 2021 (Doc. 123 at 2-4). Requiring disclosure at this early date, when no trial date has been set, will expose informants unnecessarily to retaliation, undermining the strong public interest in effective enforcement of the FLSA. To address any interest Defendants may have in examining and confronting adverse witnesses who may provide testimony upon which the Secretary will rely in his affirmative dispositive motion, the Secretary will disclose the identities of any such informants by April 2nd, thereby allowing Defendants the opportunity to depose such witnesses as envisioned by the Court. However, requiring the disclosure of the numerous additional employee witnesses the Secretary may choose to call much later at trial to prove, for example, his demand for back wage damages, is manifest error. No trial has been scheduled, nor is trial likely to be scheduled in the near future. The overwhelming weight of authority recognizes that the public interest in protecting informants requires that their identities be protected until a time much closer to trial.

Disclosure of the Secretary's trial witnesses at this early stage will expose employees to real harm. Indeed, earlier this week, the Secretary learned that Defendants recently terminated an employee who asserted his right to be properly compensated and refused to accede to his foreman's demand that he disregard a letter from the Secretary inviting him to participate in this litigation. As set forth in the Secretary's Motion for a Protective Order, this is not the first time Defendants retaliated against an employee for exercising statutory rights: Defendants also terminated the employee who had first complained to the Department of Labor just days after the Secretary's investigation had begun. This recent evidence of retaliation shows that Defendants continue to attempt to interfere with employees' right to participate in this litigation.

This newly discovered evidence of retaliatory termination underscores the need to delay disclosure of informants until much closer to trial and provides independent grounds for reconsideration. *See* L. R. Civ. 7.2(g)(1). The Secretary could not have presented this

evidence earlier because the termination occurred after the Secretary moved for a protective order. Indeed, this information was not brought to the Secretary's attention until two days ago. The Court did not have the benefit of these new facts when balancing the harm of retaliation and termination faced by prematurely disclosed informants against Defendants' interest in confronting and examining adverse witnesses at trial. Defendants have shown no compelling need sufficient to overcome the strong public interest in protecting employees who cooperate with the Secretary. Disclosure at this stage is not necessary to ensure a fair trial, as the Court's order could be modified to ensure Defendants can depose the Secretary's testifying informants at a time closer to trial and to require disclosure on April 2nd only of the limited number of informants, if any, who will provide declarations in support of the Secretary's motion for summary judgment.

The Secretary therefore asks that the Court modify its order as follows: (1) to require the Secretary to disclose by April 2nd only those informants from whom the Secretary will submit declarations in support of the Secretary's motion for summary judgment; and (2) to delay disclosure of all other testifying informants until 75 days before trial and allow Defendants to depose any such testifying trial witnesses at that time.

## BACKGROUND

On October 23, 2020, the Secretary moved for a protective order to shield information sought by Defendants that is protected by the government's informant privilege. Doc. 87. Specifically, the Secretary moved to protect the identities of employees who provided information to the Secretary during the investigation that preceded this lawsuit and after this litigation. *Id.*; Doc. 87-1. The Secretary sought a protective order to ensure that these employees would not be subjected to retaliation for cooperating with the Secretary. As the Secretary stated in his Motion, such protection is especially important in this case as Defendants already had engaged in unlawful retaliation when they terminated the employee who had complained to the Department of Labor and prompted the Secretary's investigation. Doc. 87 at 1-2. The Secretary moved for an order protecting the

identities of his informants unless and until they are identified as trial witnesses in the pretrial phase. *Id.*

On February 5, 2021, the Court granted the Secretary's Motion. Doc. 123 at 2-4. The Court found that Defendants had failed to prove a compelling need for the identities of the Secretary's informants at this stage that outweighed the strong public interest in ensuring effective enforcement of the FLSA by protecting employee-informants from potential retaliation. *Id.* at 3-4. However, the Court ordered the Secretary to reveal the identities of the informants who will testify at trial and their unredacted witness statements by April 2, 2021. *Id.* at 4. The Court ordered that Defendants would then have 60 days to depose and serve written discovery on these informants. *Id.* Dispositive motions are due on May 7, 2021 and no trial date has been scheduled. Doc. 120.

On February 17, 2021, the Secretary learned that Valley Wide recently retaliated against an employee who had asserted his right to be properly compensated and to participate in this litigation. Declaration of WHI Melanie Crouch ("Crouch Decl.") ¶ 5. Prior to his termination, the employee, Jose Figueroa, repeatedly had complained to his foreman that he had not been properly paid for all the hours he had worked. Declaration of Jose Figueroa ("Figueroa Decl."), ¶ 6. Last November, he received a letter from the Secretary advising him of his rights under federal law and inviting him to contact the Secretary about this lawsuit. *Id.*; Crouch Decl. ¶ 5, Ex. A. Mr. Figueroa told his foreman he had received the Secretary's letter and again complained that he had not been properly compensated for the hours he had worked. Figueroa Decl., ¶ 6. In response, he was told to hand over the letter and ignore it, but he refused to do so. *Id.* Soon thereafter, in December of last year, he was fired. *Id.* ¶ 7. Mr. Figueroa informed the Secretary of the circumstances of his termination just two days ago. Crouch Decl. ¶ 5.[2]

---

[2] Based on this newly discovered evidence, the Secretary may move for preliminary relief to prevent Defendants from engaging in further retaliation and interference with the rights of employees to participate in this lawsuit.

ARGUMENT

1. *The public interest in protecting the safety and security of workers providing information to the Secretary requires delaying disclosure until close proximity to the date of trial.*

The application of the government's informant privilege requires balancing Defendants' need for the identities of informants against the public interest in protecting informants and efficient law enforcement. *See In re Perez*, 749 F. 3d 849, 856 (9th Cir. 2014). In balancing these interests, "[t]iming is significant." *Perez v. Sunshine Motel Inn, LLC*, No. 1:15-CV-3197-RMP, 2016 WL 10586147, at *3 (E.D. Wash. Sept. 12, 2016). As trial approaches, the need for disclosure shifts the balance toward the defendant. *Id.* However, because most cases settle before trial, "prematurely removing the privilege unnecessarily places the informants at risk for retaliation." *Id.* Thus, the weight of authority holds that the employee-informants who will testify at trial should not be ordered disclosed until the pretrial conference or another time close to trial. *See, e.g. Brock v. Gingerbread House, Inc.*, 907 F.2d 115, 117 (10th Cir. 1989) ("[T]he pre-trial conference is the appropriate occasion generally for identification of witnesses.") (citing *Brock v. R.J. Auto Parts and Service, Inc.*, 864 F.2d 677 (10th Cir.1988)); *Brennan v. Engineered Prod., Inc.*, 506 F.2d 299, 303 (8th Cir. 1974) (reversing district court order requiring Secretary to disclose testifying witnesses "far in advance of trial" and holding that such disclosure should not have been required until the "immediate pretrial stage"); *United States v. Hemphill*, 369 F.2d 539, 542 (4th Cir. 1966) (noting that the privilege gives way "shortly before and during trial").[3] Indeed, the Third Circuit recently granted a writ of mandamus to

---

[3] *See also, e.g.*, *Perez v. Guardian Roofing LLC*, No. 3:15-CV-05623-RJB, 2016 WL 1408027, at *3 (W.D. Wash. Apr. 11, 2016) (denying employer request for informant identities before pretrial conference); *Perez v. Am. Future Sys., Inc.*, No. CIV.A. 12-6171, 2013 WL 5728674, at *5-6 (E.D. Pa. Oct. 21, 2013) (denying employer's motion to require the Secretary to disclose testifying informants before the pretrial conference or when a witness is used to support summary judgment).

1  reverse an order requiring disclosure of informants before the summary judgment phase,
2  holding that such disclosure was premature and instead should be considered "at a date
3  closer to trial." *In re: R. Alexander Acosta,* No. 18-1566, Doc. 003112895024 (3rd Cir.
4  April 5, 2018) (attached as Exhibit 1); *see also Acosta v. Heart II Heart, LLC*, No.
5  17CV1242, 2018 WL 10335545, at *2 (W.D. Pa. Mar. 2, 2018) (underlying order).

6        This Court recognized that, at this stage, Defendants' interest in knowing the
7  identities of the Secretary's informants' is insufficient to overcome the public interest in
8  protecting the employees who provide information and assistance to the Secretary's
9  enforcement of the FLSA from potential retaliation. Doc. 123 at 4; *see also In re Perez*,
10 749 F. 3d 849, 856 (9th Cir. 2014). Nevertheless, the Court ordered the Secretary to select
11 and disclose by April 2nd the informants who will testify at trial, even though no trial date
12 has been scheduled and is not likely to be scheduled in the near future.

13       Requiring disclosure of trial witnesses at this stage is manifest error because the
14 balance of interests strongly weighs against exposing employees to potential retaliation
15 this far advance of trial. *See Brennan*, 506 F.2d at 303; *Brock*, 907 F.2d at 117; *In re: R.*
16 *Alexander Acosta,* No. 18-1566. At this point, it is unclear when a trial in this matter will
17 occur, or what the precise issues at trial will be, as the parties' upcoming motions for
18 summary judgment could narrow those issues. With trial not yet scheduled, the Secretary
19 cannot be sure of which witnesses will be available.[4] Witnesses may also move out of the
20 area from which the Secretary can compel their attendance by subpoena. If forced to select
21 and disclose trial witnesses at this early point, the Secretary will have to disclose more
22 witnesses than will likely be necessary at trial and some employees who may never testify
23 will have to be revealed as informants. This will unnecessarily expose employees who may
24 never testify to retaliation and thereby undermine the public's interest in efficient
25 enforcement of the FLSA.

---

[4] Jury trials in this District were suspended from March through May and have been suspended again since November 19, 2020 due to the pandemic. *See* Gen. Orders 20-15, 20-20, 20-26, 20-40, and 21-02. The resulting backlog could delay the trial in this matter.

Instead, the public interest heavily weighs in favor of continuing to protect the identities of employee-informants until much closer to trial, as the Secretary will not be able to effectively enforce the Act without assurances of confidentiality. *See Wirtz v. Cont'l Fin. & Loan Co. of West End*, 326 F.2d 561, 563-64 (5th Cir. 1964) (noting that "anonymity" is the "most effective protection from retaliation"). Here, the need to continue protecting informants is particularly strong because this case involves ongoing violations of the FLSA. As the Court acknowledged in its order granting a preliminary injunction, the evidence shows that, throughout this litigation, Defendants have continued to violate the FLSA by, among other things, falsifying records of employee work hours and reducing employee pay rates to make it appear that they pay overtime when they do not. Doc. 123 at 5. The Secretary will depend on confidential employee-informants to investigate Defendants' current practices and to ensure that they cease falsifying records to hide their overtime violations. Removing the cloak of confidentiality at this stage will interfere with the Secretary's ability to investigate Defendants' compliance with the injunction and enforce the FLSA.

Defendants, by contrast, have no compelling need to know the Secretary's trial witnesses this far in advance of trial. While the Secretary may use a limited number of declarations from employees to show the absence of a material dispute regarding Defendants' failure to pay overtime wages as required by the FLSA (in support, for example, of a motion for summary adjudication as to liability), the Secretary will not offer, at the dispositive motion stage, the more expansive witness testimony necessary to seek judgment on back wage damages. To ensure that Defendants have the opportunity to examine the limited number of witnesses who may provide testimony upon which the Secretary will rely for his affirmative dispositive motion, the Secretary agrees to disclose the identities of any such informants by April 2nd, so that Defendants will have the opportunity to take appropriate depositions.

However, depositions of the numerous additional witnesses whom the Secretary may ultimately need to offer at trial, for example, to support the Secretary's claim for back

wages, can take place much closer to trial without prejudicing any interest of Defendants. Indeed, several other courts, including in this Circuit, have ordered disclosure of informant witnesses who will testify at trial 75 days before trial and reopened discovery to allow depositions at that time. *See, e.g., Acosta v. Austin Elec. Servs. LLC*, 322 F. Supp. 3d 951, 965 (D. Ariz. 2018); *Scalia v. TForce Final Mile, LLC*, Case No. 17-cv-06624, Order Clarifying Plaintiffs' Obligation to Identify Trial Witnesses (Mar. 16, 2020 N.D. Cal.) (attached as Exhibit 2).

In sum, the Secretary respectfully asks the Court to reconsider its Order because requiring disclosure of trial witnesses at this stage is manifest error. With no trial scheduled and unlikely to occur for many months if not a year, the public interest strongly weighs in favor of continuing to protect informant-witnesses from retaliation until much closer to trial. Disclosure of trial witnesses in April will prematurely expose a large number of employees to retaliation and is not necessary to ensure a fair adjudication of the merits either at trial or through dispositive motions. Defendants will have the opportunity to depose the limited number of informants, if any, from whom the Secretary will submit declarations in support of summary judgment and the schedule could be modified to allow depositions of any other witnesses who will testify at trial 75 days before trial, as other courts have done.

> *2. New evidence shows that informants will face real harm if their identities are prematurely revealed.*

Valley Wide's retaliatory termination of Mr. Figueroa provides an independent ground for reconsideration of the Court's order. L.R. Civ. 7.2(g)(1). Mr. Figueroa was terminated after he had complained that he was not properly compensated and refused to accede to his foreman's demand to ignore a letter he had received from the Secretary inviting him to participate in this litigation. Figueroa Decl. ¶¶ 6-7. The Secretary could not have presented the Court with this evidence earlier because the termination occurred after he filed his Motion and the Secretary did not learn about it until two days ago. *Id* at ¶ 7; Crouch Decl. ¶ 5.

      Troublingly, this termination is not the first time Defendants have retaliated against an employee for exercising rights under the FLSA. Defendants also fired the employee who first complained to the Department of Labor and prompted the Secretary's investigation. Doc. 87-1 at 1; *see also* Doc. 87-3 (Zahler Decl.), ¶¶ 3-4; Doc. 79-7 (Garcia Loza Decl.), ¶¶ 6-10.  As Mr. Figueroa's recent termination shows, Defendants continue to discourage and intimidate employees from participating as witnesses in this litigation, prejudicing the Secretary and jeopardizing this Court's ability to hear this case on the merits.

      This new evidence underscores the urgent need here to protect the Secretary's confidential informants as long as possible, and, at the very least, until a date close to trial so that the Court can promptly address any retaliation that identified informants suffer through remedial orders issued during or directly after a trial on the merits.

## CONCLUSION

      Requiring the Secretary to disclose trial witnesses before summary judgment and far in advance of trial is manifest error because the public interest in protecting employees who aid the Secretary requires that disclosure be delayed until a date much closer to trial. The Secretary has presented new evidence of a retaliatory termination that underscores the need to continue protecting the Secretary's informants. Disclosure at this time is not necessary to ensure a fair trial because the Court could order disclosure of the Secretary's trial witnesses 75 days before trial and allow depositions at that time, as other courts in this Circuit have done. The Secretary does not object to disclosing by April 2nd any informants who will provide a declaration to support the Secretary's affirmative motion for summary judgment.

      For the foregoing reasons, the Secretary moves the Court to modify its Order as follows:

1. To require the Secretary to disclose by April 2, 2021, any informants from whom he will submit a declaration in support of the Secretary's motion for summary judgment and/or adjudication; and

2. To require the disclosure of all other informant-witnesses who will testify at trial 75 days before trial and to allow their depositions to be taken at that time. This disclosure schedule will protect employees from premature exposure to retaliation while also ensuring a fair trial.

February 17, 2021            Respectfully submitted,

JANET HEROLD
Regional Solicitor

ANDREW SCHULTZ
Counsel for Wage and Hour Litigation

__/s/ Tara Stearns_____

Tara Stearns
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2021, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Susanne E. Ingold
Burch & Cracchiolo, P.A.
singold@bcattorneys.com

Aaron Michael Duell
Burch & Cracchiolo, P.A.
aduell@bcattorneys.com

Dated: February 19, 2021        /s/ Tara Stearns
                                  Tara Stearns