WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Acting Secretary of Labor, United States Department of Labor, | No. CV-18-04756-PHX-GMS |
| Plaintiff, | ORDER |
| v. | |
| Valley Wide Plastering Construction Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Acting Secretary of Labor, United States Department of Labor's (the "Secretary") Motion to Reconsider Order Requiring Disclosure of Informants. (Doc. 125.) For the following reasons, the Motion is denied.

## BACKGROUND

The facts in this case are set forth in the Order granting the Secretary's Motion for a Protective Order and Motion for a Preliminary Injunction. (Doc. 123.) In that Order, the Court ordered that the Secretary reveal the identities of his informants testifying at trial and their unredacted witness statements by April 2, 2021. *Id.* at 4. The Secretary argues that the Court erred in requiring disclosure of the informants' identities by April 2.

## DISCUSSION

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. P. 7.2(g)(1); *see*

*also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"), *cert. denied*, 512 U.S. 1236; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (holding that a motion for reconsideration is appropriate only when there is newly-discovered fact or law, newly-occurring facts, a material change in the law, or upon a convincing showing that the Court failed to consider material facts that were presented before the initial decision).  A motion for reconsideration is an inappropriate vehicle to ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

The Secretary asserts that the Court should reconsider its order because (1) the public interest in protecting his informants requires delaying disclosure until close proximity to trial; and (2) new evidence of retaliation shows that his informants will face harm if their identities are revealed on April 2.

First, the Secretary does not present binding or new authority that requiring disclosure of his testifying informants' identities before a trial date is set, but after the close of discovery, is contrary to the law.  That other courts have come to a different conclusion on when disclosure of informants' identities is appropriate creates no binding precedent and demonstrates no clear error. *See, e.g.*, *Reno v. W. Cab Co.*, No. 218CV00840APGNJK, 2020 WL 2462900, at *4 (D. Nev. May 1, 2020) ("The existence of persuasive authority reaching a contrary result does not establish clear error as necessary to justify reconsideration.").

Second, Defendant Valley Wide Plastering Construction Incorporated's ("Valley

Wide") alleged retaliatory termination of Mr. Figueroa does not necessitate reconsideration of the disclosure deadline. The Secretary had already put the Court on notice of Valley Wide's alleged retaliation against its employees in his briefing for the protective order.

## CONCLUSION

For the reasons stated above, the Secretary's Motion is denied.

**IT IS THEREFORE ORDERED** that the Acting Secretary of Labor, United States Department of Labor's Motion to Reconsider Order Requiring Disclosure of Informants (Doc. 125) is **DENIED.**

Dated this 23rd day of February, 2021.

_____
G. Murray Snow
Chief United States District Judge