**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secretary of Labor, United States Department of Labor, | No. CV-18-04756-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Valley Wide Plastering Construction Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants Valley Wide Plastering Construction, Inc. ("Valley Wide"), Jesus Guerrero, Rose Guerrero, and Jesse Guerrero, Jr.'s (collectively, "Defendants") Motion to Enjoin the Secretary of Labor from Improperly Communicating with Current and Former Valley Wide Employees, (Doc. 147), Rule 37(C)(1) Motion to Prohibit Plaintiff's Use of New Damage Methodology, (Doc. 149), and Motion to Extend Deadline to Produce Documents, (Doc. 161). The motion to enjoin is granted in part and denied in part, the Rule 37(C)(1) motion is granted, and the motion to extend is granted.[1]

**BACKGROUND**

Plaintiff Secretary of Labor (the "Secretary") filed suit against Defendants on December 18, 2018. (Doc 1.) The Secretary alleges that Defendants violated the Fair Labor Standards Act ("FLSA"). On May 24, 2019 the Court set the initial scheduling order

---

[1] The parties requested oral argument. Those requests are denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

in this matter. (Doc. 22.) It called for Plaintiff to provide full and complete expert disclosures no later than October 25, 2019. On October 7, 2020, the Court amended the May 24, 2019 Case Management Order, (Doc. 22), by extending the deadline for the final supplementation of Mandatory Initial Discovery Pilot ("MIDP") responses and completion of fact discovery to December 4, 2020, (Doc. 72). On December 4, 2020, the Secretary moved for a third time to extend the discovery deadline and other case management deadlines. (Doc. 105.) Specifically, the Secretary notified the Court that he had served multiple requests for production, that Defendants had not produced, regarding communications about hours worked, schedules, terms and conditions of employment, and work performed. *Id.* at 3. Additionally, the Secretary stated that Defendants failed to respond to his most recent requests for production and interrogatories. *Id.* at 5. On January 6, 2021, the Court granted in part and denied in part the Secretary's motion, extending the deadline for final supplementation of MIDP responses and completion of fact discovery as to newly discovered information only to March 5, 2021. (Doc. 117.)

On March 1, 2021, the Secretary filed a fourth motion to extend the discovery deadline and other case management deadlines. (Doc. 128.) In his motion, the Secretary explained that Defendants refused to produce the discovery the Secretary sought in his December 4, 2020 request for extension. *Id.* at 3. On March 3, 2021, the Court extended the completion of fact discovery to May 7, 2021, limited to the Secretary obtaining full and complete answers to his then outstanding interrogatories and requests for production. (Doc. 129.)

Additionally, as relevant here, the Secretary disclosed his damages methodology on March 26, 2019 (the "Original Methodology") (Doc. 149-1 at 34). On January 27, 2021, the Secretary attached a different damages computation (the "New Methodology") to a memorandum submitted in connection with a settlement conference before a Magistrate Judge. (Doc. 158 at 4.) Later, on March 5, 2021, the Secretary disclosed supporting documents for the New Methodology to Defendants. (Doc. 149 at 5.)

Defendants assert that, since December 4, 2020, the Secretary continues to contact

Valley Wide employees to solicit witnesses in the case and gather new information. Defendants also take issue with the Secretary's disclosure of the New Methodology after the December 4, 2020 deadline. Based on these concerns, Defendants move to enjoin the Secretary from improperly communicating with current and former Valley Wide employees and to prohibit the Secretary's use of the New Methodology.

## DISCUSSION

### I. Motion to Enjoin

#### A. Legal Standard

Courts possess inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017)). That authority includes the power to fashion appropriate sanctions for "conduct which abuses the judicial process[,]" whether before the court or beyond the court's confines. *Id.*

#### B. Analysis

Since the December 4, 2020 deadline for discovery passed, the Secretary has reached out to Valley Wide's employees and the public to apparently gather more information about this case.[2] For instance, in a January 21, 2021 letter, the Secretary's counsel informed Valley Wide's employees about the instant suit and stated that "we need more employees to reach out to us." (Doc. 147-1, Ex. 1.) Additionally, a Daily Independent article, published on March 12, 2021, included the following quote from the Secretary's counsel: "We need to hear from workers to help us against the case and also to help us determine how much back wages are owed." *Id.*, Ex. 3. As the deadline for fact discovery and supplementation of MIDP responses passed, the Secretary cannot seek out new witnesses or gather new facts for use at trial; nor can he represent to Valley Wide's employees or the public that he can do so. To the extent he has done so, he has acted

---

[2] As previously discussed, the Court extended the discovery deadline in limited instances. The Secretary does not contend that these two limited exceptions permitted his actions at issue here.

improperly and is enjoined from asserting that the information he is seeking to collect is in conjunction with this lawsuit.

Despite the Secretary's contrary assertions, this prohibition does not conflict with the FLSA. In enforcing the FLSA, the Secretary "may investigate and gather data regarding the wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(a). The Court's prohibition does not prevent the Secretary from contacting Valley Wide's current and former employees or seeking out information to use in future cases.

Additionally, the parties dispute whether the Secretary told a former employee that Defendants engaged in illegal transactions and told other employees that they are entitled to vacation and holiday pay by law. (Doc. 147 at 6.) The Court is unable to discern from the briefing whether the Secretary made these statements. However, neither party contends that making false statements is permissible and therefore, the Court deems it unnecessary to enjoin the making of false statements to potential witnesses. If either party wishes the Court to determine whether false statements were or are being made, that party may request an evidentiary hearing on the issue, and, if merited, an appropriate sanction will result.

**II.     Rule 37(C)(1) Motion**

   **A.  Legal Standard**

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c) therefore establishes an "automatic sanction to provide a strong inducement for disclosure of material." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (alterations and quotation marks omitted). The rule represents a "broadening of the sanctioning power" and district courts have wide discretion to issue sanctions under it. *R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012). The party facing sanctions has the burden to show that the failure to disclose was substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

### B. Analysis

The Secretary disclosed the New Methodology after the applicable deadlines in the scheduling order and without requesting leave from the Court. The Court's extension of deadlines in January and March only applied to certain discovery that the Secretary identified as insufficiently answered. When the Secretary supplied the New Methodology in his memorandum for the settlement conference in January, Defendants had not yet responded to those requests at all. Therefore, his late supplementation is not covered by the extensions. Accordingly, the question is whether the Secretary's late disclosure is substantially justified or harmless.

First, the Secretary's disclosure is not substantially justified. The Original Methodology relied, in part, on Defendants' records. (Doc. 149 at 2.) Since the beginning of the litigation, the Secretary has contended that Defendants' records are inaccurate, and that Defendants pay employees through non-payroll accounts. *Id.* at 10–11. The Secretary justifies his late disclosure on newly discovered information from a deposition and a subpoena of bank records in November and December 2020. *See* (Doc. 152 at 11–12.) The Secretary contends that, although he had always suspected inaccuracies in Defendants' records, the subpoenaed bank records "revealed that Defendants have falsified [ ] records to an extent far greater than he previously realized." *Id.* at 12. Based on this new information, the Secretary sought to reduce reliance on Defendants' records and therefore created the New Methodology, which no longer uses Valley Wide's records to reconstruct an average regular rate of pay. *Id.* at 6.

Although it appears that the deposition and subpoena brought to light more detailed information, the Secretary had represented, as early as June 2020, that there was a "complete absence of reliable time and pay records." (Doc. 149-1 at 101.) Knowing this in June 2020, the Secretary had plenty of time to adjust his methodology before December. At the very least, the Secretary could have informed the Court about the newly discovered information and asked for an extension to revise the methodology. The Secretary provides no adequate explanation for failing to do so. Accordingly, the Secretary fails to show his

late disclosure is substantially justified.

Second, the Secretary's late disclosure is not harmless. The New Methodology is a substantial revision of the Original Methodology. If the Court accepted the Secretary's late disclosure, the Court would allow Defendants an opportunity to conduct additional discovery. As previously discussed, the discovery deadline has passed. The reopening of discovery, almost three years into the case, is not harmless. *See, e.g.*, *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) ("Later disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless."); *SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2021 WL 2895503 (D. Ariz. July 9, 2021) ("[T]o even the playing field, the Court would be required to reopen fact discovery. This would be an expensive and delay-inducing outcome in a case that is already over two years old."); *Dayton Valley Invs., LLC v. Union Pac. R. Co.*, No. 2:08-cv-00127-ECR-RJJ, 2010 WL 3829219, at *6 (D. Nev. Sept. 24, 2010) ("Multiple courts within the Ninth Circuit have found that failure to provide a computation of damages . . . is not harmless for purposes of Rule 37(c) precisely because it results in the need to reopen discovery.").

As it now stands, therefore, the Secretary may not introduce the New Methodology at trial. The Court notes, however, that, on July 15, 2021, the Secretary filed a motion to modify the scheduling order to extend the deadline for supplementing MIDP responses. (Doc. 166.) This motion, filed months and perhaps years after the applicable deadline, is subject to the standards set forth in Fed. R. Civ. P. 16 and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Those standards require Plaintiff to establish both good cause and diligence before a modification of a scheduling order can be granted. The Court cannot yet conclude whether the Secretary will be able to meet these standards.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Enjoin the Secretary of Labor from Improperly Communicating with Current and Former Valley Wide Employees (Doc. 147) is **GRANTED** in part and **DENIED** in part. The Secretary is enjoined from (1) seeking out new witnesses or gathering new facts for use at trial in this case; and (2) representing to Valley Wide's employees or the public that he can seek out new witnesses or gather new facts for use at trial in this case.

**IT IS FURTHER ORDERED** that Defendants' Rule 37(C)(1) Motion to Prohibit Plaintiff's Use of New Damage Methodology and Calculations Disclosed After the Close of Discovery (Doc. 149) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend Deadline to Produce Documents Responsive to the Secretary's Request for Production Numbers 23 & 24 (Doc. 161) is **GRANTED.** Defendants shall have 45 days from the date of this Order to produce the remaining responsive documents to the Secretary's Request for Production Numbers 23 and 24. No further extensions shall be granted absent compelling circumstances.

Dated this 12th day of August, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge