**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secretary of Labor, United States Department of Labor, | No. CV-18-04756-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Valley Wide Plastering Construction Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the Secretary of Labor's ("Plaintiff") Motion to Modify Scheduling Order To Extend the Deadline for Supplementing Damages Calculations (Doc. 166), Motion for Leave to Amend Exhibit A (Doc. 169), Motion to Reconsider Order Enjoining the Secretary from Seeking Out "New Witnesses" and "Gathering New Facts" for Use at Trial (Doc. 176), and Motion to Reconsider Order Excluding the Secretary's Revised Damages Method (Doc. 177). For the reasons below, Plaintiff's Motion to Extend is granted, and all other Motions are denied.[1]

## BACKGROUND

Plaintiff filed suit against Valley Wide Plastering Construction Inc., Jesus and Rose Guerrero, and Jesse Guerrero, Jr. ("Defendants") on December 18, 2018. (Doc 1.) Plaintiff

---

[1] The parties' request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

alleges that Defendants violated the Fair Labor Standards Act ("FLSA"). On May 24, 2019, the Court set the initial scheduling order in this matter. (Doc. 22.) On October 7, 2020, the Court amended the May 24, 2019 Case Management Order, (Doc. 22), by extending the deadline for the final supplementation of Mandatory Initial Discovery Pilot ("MIDP") responses and completion of fact discovery to December 4, 2020, (Doc. 72). On December 4, 2020, Plaintiff moved for a third time to extend the discovery deadline and other case management deadlines. (Doc. 105.) Specifically, Plaintiff notified the Court that he had served multiple requests for production, that Defendants had not produced, regarding communications about hours worked, schedules, terms and conditions of employment, and work performed. (Doc. 105 at 3.) Additionally, Plaintiff stated that Defendants failed to respond to his most recent requests for production and interrogatories. (Doc. 105 at 5.) On January 6, 2021, the Court granted in part and denied in part Plaintiff's motion, extending the deadline for final supplementation of MIDP responses and completion of fact discovery as to only newly discovered information to March 5, 2021. (Doc. 117.)

On March 1, 2021, Plaintiff filed a fourth Motion to Extend the Discovery and Other Case Management Deadlines. (Doc. 128.) In his motion, Plaintiff explained that Defendants refused to produce the discovery Plaintiff sought in his December 4, 2020 request for extension. (Doc. 128 at 3.) On March 3, 2021, the Court extended the completion of fact discovery to May 7, 2021, limited to Plaintiff obtaining full and complete answers to his then outstanding interrogatories and requests for production. (Doc. 129.)

Additionally, as relevant here, Plaintiff was required to complete a full disclosure of his expert opinions on October 25, 2019. (Doc. 22 at 2.) Plaintiff disclosed his damages methodology on March 26, 2019 (the "Original Methodology"). (Doc. 149-1 at 34–35.) He later requested an extension of this deadline and received until January 25, 2020. (Doc. 27.) He never revised that methodology. Finally, without complying with the Court's deadline, and almost a year after the extended expert disclosure deadline and after the

discovery cut-off, Plaintiff attached a different damages computation (the "New Methodology") to a memorandum submitted in connection with a settlement conference before a Magistrate Judge in February 2021. (Doc. 158 at 4); (Doc. 124.) The New Methodology significantly reduced Plaintiff's reliance on Defendants' records to calculate damages. Later, on March 5, 2021, Plaintiff disclosed supporting documents for the New Methodology. (Doc. 149 at 5.)

Defendants assert that, since December 4, 2020, Plaintiff continues to contact Valley Wide employees to solicit witnesses in the case and gather new information. (Doc. 147.) Defendants also take issue with Plaintiff's disclosure of the New Methodology after the December 4, 2020 deadline. (Doc. 149.) Based on these concerns, Defendants moved to enjoin Plaintiff from improperly communicating with current and former Valley Wide employees and to prohibit Plaintiff's use of the New Methodology. (Docs. 147, 149.) The Court granted the Motion in part, precluding Plaintiff from using the New Methodology and from "(1) seeking out new witnesses or gathering new facts for use at trial in this case; and (2) representing to Valley Wide's employees or the public that he can seek out new witnesses or gather new facts for use at trial in this case." (Doc. 171 at 7.) Plaintiff now seeks reconsideration of the Court's order (Doc. 171). (Docs. 176, 177.)

After Defendants filed their Motions to Enjoin and Exclude but before the Court had decided them, Plaintiff filed a Motion to Extend the deadline for MIDP supplementation because the documents subject to the December 4 discovery dispute had still not been produced. (Docs. 105, 166.) The Motion requested that Plaintiff be permitted to revise its damage calculations based on the then-unproduced documents. While that Motion to Extend was being briefed, Defendants made the Court-ordered production, (Docs. 143, 172), and the Court decided Defendants' Motions to Enjoin and to Exclude. (Doc. 171.) However, the Court did not decide the Motion to Extend, on which it now rules.

///

**DISCUSSION**

**I. Motion to Extend**

Where a scheduling order is in place, Rule 16(b) of the Federal Rules of Civil Procedure controls. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Unlike Rule 15(a)'s liberal amendment policy [that] focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . If [the party seeking to amend] was not diligent, the inquiry should end." *Id.*

**A. Diligence**

The crux of this discovery dispute is certain Requests for Production ("RFPs") made in October 2020. However, because Plaintiff alleges that these RFPs could not have been made earlier because of a discovery dispute,[2] the Court must evaluate whether Plaintiff acted diligently in prosecuting the earlier discovery dispute. (Doc. 166 at 6 n.5.) The discovery dispute in question began in August 2019, when Defendants responded to Plaintiff's first set of RFPs, which were served in May 2019. (Docs. 19, 25.) After reviewing the August disclosure, Plaintiff believed it was incomplete. (Doc. 166 at 4.) The parties then began a lengthy meet-and-confer process in September 2019. (Doc. 105-2 at 39-54.) On October 16, 2019, and at Defendants' request, Plaintiff agreed to delay the issue "briefly" because Defendants "[were] about to produce additional documents . . . next week." (Doc. 105-2 at 51–52.) On October 28, 2019, Defendants again represented that production "[would] be out next week." (Doc. 105-2 at 46.) That production did not occur, nor did it when Defendants again made that representation on December 3—after ignoring Plaintiff's intervening attempt at communication. (Doc. 15-2 at 46, 50–51.) Despite these

---

[2] The dispute involved general ledgers from October 2017 through July 2020. (Doc. 166 at 6 n.5.)

three representations that production was forthcoming, the meet-and-confer process continued through March 2020, with Defendants making additional—but allegedly deficient—productions in December and February. (Doc. 105-2 at 50, 56, 64–65, 82–98); (Doc. 105-3 at 11); (Doc. 166 at 4.) Ultimately, Plaintiff brought the dispute to attention of the Court in June 2020, and the Court ordered Defendants to produce the requested documents, which they did in September 2020. (Docs. 48, 64.)

The Motion to Extend relates to Defendants' refusal to respond to Plaintiff's RFPs 23 and 24. After receiving Defendants' production in September 2020, Plaintiff timely served the two RFPs on October 20, 2020.[3] (Doc. 82.) Defendants responded with objections on November 19. (Doc. 105-5 at 232–33.) Plaintiff then attempted to meet and confer during the following two weeks. First, on November 20, the parties conducted a previously scheduled deposition of Alfonso Fierro. (Doc. 105-3 at 32.) After that deposition, Plaintiff attempted to raise the outstanding discovery dispute; however, Defendants refused to address the dispute on the record. (Doc. 105-3 at 46–47.) Later that day, defense counsel emailed Plaintiff's counsel, stating that "no one in my office is available next week," but she would address the discovery issue when she returned from a planned vacation. (Doc. 105-5 at 235–38.) During the next week, defense counsel was either unresponsive or unreceptive[4] to Plaintiff's attempts to confer. (Doc. 105-5 at 235–37, 242–47.) Conscious of the looming December 4 MIDP supplementation deadline, Plaintiff contacted the Court requesting a discovery conference on November 24. (Doc. 105-5 at 249–50.) Although the Court attempted to set up a conference with both parties, defense counsel did not respond. (Doc. 105-5 at 249.) Upon defense counsel's return to work on November 30, the parties were finally able to schedule a discovery dispute for

---

[3] The RFPs at issue were seeking documents that supported Defendants' assertions that (1) certain payments to known employees from non-payroll accounts were not "wages" under the FLSA; and (2) certain individuals who received payments from non-payroll accounts were not employees. (Doc. 166-3 at 5–6, 10–11.)

[4] Although defense counsel was available to confer about a deposition, they were unresponsive to attempts to resolve the dispute regarding the RFPs. (Doc. 105-5 at 235-37, 242–47); (Doc. 105-4 at 14.) Defense counsel ultimately began the meet-and-confer process on these RFPs on November 30, four days before the December 4 deadline. (Doc. 105-3 at 88–93.)

December 4.  (Doc. 105 at 9 n.3); (Doc. 105-3 at 88); (Doc. 105-4 at 14).  That dispute was finally decided on April 2, 2021, and production was completed on August 5, 2021.  *See infra* note 5.

Plaintiff's conduct is sufficient to show diligence.  Although Plaintiff waited three months—from March 23 to June 8—to bring the initial discovery dispute to the Court, the emerging pandemic and Defendants' repeated misrepresentations are sufficient to justify this delay.  Plaintiff's RFPs 23 and 24 were timely, and Defendants waited until mere days before defense counsel's scheduled vacation to object to the RFPs.  Plaintiff contacted the Court to try to schedule a discovery conference before the deadline but could not do so because defense counsel was unavailable.  In short, Plaintiff could not have met the MIDP deadline despite its reasonable diligence.

**B. Good Cause**

The Court originally excluded Plaintiff's proposed new methodology because "[t]he Secretary had represented, as early as June 2020, that there was a 'complete absence of reliable time and pay records.'" (Doc. 171 at 5.)  This new methodology would have "calculate[d] the overtime back wages owed based either on the minimum wage rates that Valley Wide could have legally paid in each year or the average rates of pay for similar workers according to publicly available information."  (Doc. 152 at 6–7.)  Given that Plaintiff knew of the inaccurate records for months and failed to ask for an extension of the expert disclosure deadline—which had long passed—Plaintiff failed to act diligently in formulating the new methodology.

However, between the filing of Plaintiff's Response to Defendant's Motion to Exclude the Methodology and the filing of Plaintiff's Reply to the Motion to Extend, Defendants, pursuant to this Court's order, disclosed thousands of pages of documents responsive to RFPs 23 and 24.  (Docs. 152, 172, 174); (Doc. 195 at 3); *see supra* note 3.  This disclosure occurred approximately ten months after the RFPs had been timely served on Defendant.[5]  Based on that disclosure, Plaintiff now appears to again want to change the

---

[5] Plaintiff filed the Motion to Extend on December 4, 2020.  (Doc. 105.)  Although the Court granted the Motion on January 6, 2021, the underlying discovery dispute regarding

methodology used to calculate damages. Specifically, instead of relying exclusively on external sources, Plaintiff wants to use the newly disclosed documents "to inform whether inaccuracies in Defendants' payroll records can be reasonably corrected such that Defendants' payroll records, supplemented with payments from non-payroll accounts, could be used to reconstruct an approximate regular rate of pay for Valley Wide employees." (Doc. 174 at 4 n.4.) Given that the Court has ordered Defendants to produce responsive documents since the MIDP deadline has passed, the Court finds good cause to permit Plaintiff to serve a MIDP supplement based *only* on the documents received in response to RFPs 23 and 24. Nevertheless, given the previous attempts to revise the damages methodology before this disclosure, the Court will not permit Plaintiff to revise his damages methodology at this time. Nevertheless, if Plaintiff asserts that his desire to revise his damages methodology relates to facts that were withheld in the documents that have finally been produced, then he may seek leave of Court to do so after the permitted MIDP supplement has been served.[6]

## II. Motion to Amend

Plaintiff's Motion to Amend is denied as moot because Plaintiff was unable to review Defendants' August 2021 production of documents before fully briefing the Motion. (Doc. 175 at 6 n.3.) Plaintiff may refile the Motion with the proper proposed amendment attached.

## III. Motion for Reconsideration

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. P. 7.2(g)(1); *see*

---

RFPs 23 and 24 remained unresolved. (Doc. 117.) Plaintiff brought this issue up in a status conference on January 15, and the Court indicated that it would look into whether a substantive ruling was necessary. (Doc. 122 at 8–10.) In April, the Court ordered the documents produced by June 1, which was later extended to September 2021. (Doc. 145 at 7–13, 40); (Doc. 171 at 7.) Defendants produced the documents in August 2021. (Doc. 174 at 3); (Doc. 172.)

[6] Accordingly, because the Court partially grants the Motion to Extend, Plaintiff's Motion for Reconsideration on this issue, (Doc. 177), is denied. (Doc. 195 at 3.)

- 7 -

*also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (holding that a motion for reconsideration is appropriate only when there is newly discovered fact or law, newly occurring facts, a material change in the law, or upon a convincing showing that the Court failed to consider material facts that were presented before the initial decision). A motion for reconsideration is an inappropriate vehicle to ask the Court to "rethink what the court ha[s] already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

Plaintiff asks the Court to reconsider its Order enjoining Plaintiff from seeking out new witnesses and new facts for use at trial. (Docs. 171, 176.) This case is governed by the Mandatory Initial Discovery Pilot ("MIDP"), which significantly alters the discovery rules contained in the Federal Rules of Civil Procedure. (Doc. 4.) In contrast to the Federal Rules, the MIDP requires that all parties disclose "facts that are relevant to the claims and defenses in the case, whether favorable or unfavorable, and regardless of whether they intend to use the information in presenting their claims or defenses." (Doc. 4 at 4, 7.) The MIDP also requires the parties to supplement their mandatory disclosures "in a timely manner, but in any event no later than 30 days after the information is discovered by or revealed to the party." (Doc. 4 at 5.) However, "[i]f new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties of the information, the information need not be presented in a supplemental response." (Doc. 4 at 6.)

Because the MIDP applies, the parties were under an affirmative obligation to supplement their initial disclosures until the deadline for MIDP supplementation. (Doc. 4 at 5–6.) The deadline for all but a narrow category of supplementation was December 4, 2020. (Docs. 71, 117.) Therefore, all future exhibits, witness testimony, or relevant facts therein must have been disclosed by that date as specified in the MIDP order. (Doc. 4 at 4, 6); *see also* Fed. R. Civ. P. 37(b)(2). If they were not, the Court may order appropriate sanctions under Federal Rule of Civil Procedure 37(b)(2). (Doc. 4 at 6.)

Even if, as Plaintiff contends, informal witness interviews are not considered "discovery" under the federal rules, (Doc. 176 at 6), any facts or documents obtained therefrom are subject to the MIDP. That does not mean that all information presented at summary judgment or at trial must have been included in an MIDP supplement. However, it does mean that Defendants must have been "reasonably inform[ed]" of all "facts relevant to [each of Plaintiff's claims] and the legal theories upon which [the claims are] based." (Doc. 4 at 6–7.)[7] If Plaintiff has failed to keep Defendants so informed, it has violated the MIDP. This Court consistently follows the plain language of the MIDP: the relevant facts must have been disclosed before they may be used to support a claim or defense. *See, e.g.*, *Ocean Garden Prods. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2018 WL 6133773, at *1–2 (D. Ariz. Nov. 21, 2018) ("Defendants must provide Plaintiff with fair notice of the factual basis for each of the asserted defenses so as to allow Plaintiff an opportunity to conduct relevant discovery. The fact that Defendants have not fully investigated their case does not excuse them from providing MIDP responses."); *Lyons v. Mesa Pub. Sch. Dist.*, No. CV-19-05880-PHX-GMS, 2021 WL 4478398, at *6 n.10 (D. Ariz. Sept. 30, 2021) (excluding the plaintiffs' affidavits that included facts never disclosed pursuant to MIDP); *Enriquez v. Gemini Motor Transp. LP*, No. CV-19-04759-PHX-GMS, 2021 WL 5908208, at *3–4 (D. Ariz. Dec. 14, 2021) (excluding evidence and witnesses

---

[7] The information required to be disclosed must "be meaningful and must not be evasive or incomplete," but "need not be so detailed that they would impose on the responding party disproportionate burden or expense, considering the needs of the case." *Mandatory Initial Discovery Users' Manual for the District of Arizona* at 8, District of Arizona, https://www.azd.uscourts.gov/sites/default/files/documents/Arizona%20MIDP%20Users%20Manual.pdf (last visited Feb. 8, 2022) [hereinafter *Users' Manual*].

- 9 -

that were either "outside the scope of Defendant's disclosure" or disclosed on the day of the MIDP deadline); *Peralta v. Worthington Indus. Inc.*, No. CV-17-03195-PHX-JJT, 2022 WL 112224, at *5 (D. Ariz. Jan. 12, 2022) (excluding expert witness because "the MIDP did not disclose admissible evidence that [the expert] would testify to"); *cf. Nyerges v. Hillstone Rest. Grp. Inc.*, No. CV-19-02376-PHX-DWL, 2021 WL 3299625, at *10, 17 (D. Ariz. Aug. 2, 2021) (allowing an adverse inference instruction because the defendant failed to disclose two witnesses); *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2020 WL 7075232, at *1–2 (D. Ariz. Dec. 3, 2020) (excluding witness disclosed on the MIDP deadline).

Moreover, the Court explicitly warned the parties that "[p]arties who fail to timely disclose relevant information *will be precluded from using it* in the case and may be subject to other sanctions."  (Doc. 22 at 2 n.1 (emphasis added).)  In addition to that warning, which was provided to all parties in this case, the MIDP Users' Manual, publicly available on the District of Arizona's website,[8] also explicitly addresses information revealed after the deadline for supplementation:

> There may be instances in which, after the deadline for final supplementation, new or additional information is discovered or revealed that would have required supplementation if the information had come to light before the deadline. A party who wishes to make the supplementation because the new information is helpful to that party may serve the supplemental response after the deadline and, absent agreement by all parties, *must seek leave of court to use the information*. A party who discovers information after the deadline for final supplementation that may be helpful to an opposing party should serve a supplemental response pertaining to that information. The opposing party may at its election be allowed to use the information to support or oppose a motion, at a hearing, or at trial, without further action by the Court. Courts should remember that *the effectiveness of the MIDP will depend significantly on the willingness of judges to impose real consequences on parties who fail to comply with their mandatory discovery obligations*.

*Users' Manual*, *supra* note 7, at 6 (emphasis added).  Plaintiff cannot claim surprise at

---

[8]*Mandatory Initial Discovery Pilot (MIDP)*, District of Arizona, https://www.azd.uscourts.gov/attorneys/mandatory-initial-discovery-pilot (last visited Feb. 8, 2022); *Users' Manual*, *supra* note 7.

- 10 -

these restrictions, and, therefore, if Plaintiff represented to Valley Wide employees that it could use the information obtained from witness interviews conducted after the MIDP deadline to support its case without leave of court, those representations were false. The Court will not allow Plaintiff to continue to make these misrepresentations.

Importantly, nowhere in the Court's order does it enjoin Plaintiff from communicating with Valley Wide employees. Defendants' Motion was granted *in part*. Plaintiff is free to discuss this case with witnesses that have been properly disclosed.[9] (Doc. 171 at 4, 7.) Plaintiff may also contact undisclosed witnesses for use in a separate or subsequent lawsuit. (Doc. 171 at 4, 7.) What Plaintiff may *not* do is "seek[] out new witnesses" or "gather[] new facts for use at trial *in this case*." (Doc. 171 at 7 (emphasis added).) Preparing properly disclosed witnesses for depositions or trial in this case is not "gathering new facts." (Doc. 171 at 7.) However, if, in the course of those permissible interactions, Plaintiff happens to uncover information that was not disclosed prior to the MIDP deadline, Plaintiff may not use that information without disclosing it to Defendants *and* seeking leave of Court.[10] (Doc. 22 at 2 n.1); *Users' Manual*, *supra* note 7, at 6. Plaintiff's Motion is denied.[11]

---

[9] The requirements for the proper disclosure of witnesses are outlined in the MIDP order. (Doc. 4 at 6–7.)

[10] Of course, Plaintiff may use these additional facts in a separate or subsequent lawsuit. The Court is not obstructing the Secretary of Labor's power to "investigate such facts, . . . as he may deem necessary or appropriate . . . [to] aid in the enforcement of the provisions of this chapter." 29 U.S.C. § 211. The Court is merely requiring, as it does of all litigants, that Plaintiff comply with the deadlines ordered by the Court. (Doc. 22 at 4 ("*The Deadlines Are Real.* The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.").)

[11] Plaintiff's cited cases are not binding nor persuasive because none of them were subject to the MIDP, which vests this Court with powers of enforcement. Moreover, all the cited cases are clearly distinguishable. First, the issue in *Wharton*, a habeas case, was a protective order that prohibited *any* communication with fourteen witnesses. *Wharton v. Calderon*, 127 F.3d 1201, 1202 (9th Cir. 1997). As explained above, the Court is *not* barring Plaintiff from communicating with Valley Wide employees. The Court is simply enforcing the MIDP by restricting Plaintiff's ability to use, or represent to others that he may use, undisclosed, relevant facts in future motions and at trial. Second, in *Edelstein*, the Court required all witness interviews be conducted in the presence of opposing counsel and a court reporter. *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 41 (2d Cir. 1975). Not only is the Court requiring neither of those conditions, but it is also not endangering Plaintiff's trial preparation or work product. Plaintiff may continue to conduct informal interviews with properly disclosed witnesses; however, he may not do so with an intent to

**CONCLUSION**

The Court finds the requisite diligence and good cause to grant Plaintiff's Motion to Extend in part. Plaintiff may file a MIDP supplement based on the late-produced responsive documents to RFPs 23 and 24. All other Motions are denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Modify Scheduling Order to Extend the Deadline for Supplementing Damages Calculations (Doc. 166) is **GRANTED** in part and **DENIED** in part. Plaintiff may serve a MIDP supplement *only* as to the newly disclosed documents within 30 days from the date of this Order. If Plaintiff finds it necessary to use new methodology based on the late-produced documents responsive to RFPs 23 and 24, then he may seek leave from the Court to do so.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider Order Excluding the Secretary's Revised Damages Method (Doc. 177) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider Order Enjoining the Secretary from Seeking Out "New Witnesses" and "Gathering New Facts" for Use at Trial (Doc. 176) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Exhibit A (Second Request) (Doc. 169) is **DENIED** as moot. Plaintiff may refile the Motion with the updated proposed amendment.

Dated this 17th day of February, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge

---

violate the MIDP. *Hickman* is distinguishable for the same reason; the Court has not invaded Plaintiff's right to privacy in his trial preparation. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947).

- 12 -