**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Secretary of Labor, United States Department of Labor, | No. CV-18-04756-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Valley Wide Plastering Construction Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Valley Wide Plastering Construction, Inc., Jesus Guerrero, Rose Guerrero, and Jesse Guerrero, Jr.'s ("Defendants") Motion to Quash Subpoenas Issued for Personal Appearances at Evidentiary Hearing on March 29th (Doc. 208). For the reasons below, the Motion is denied.

## BACKGROUND

This case involves Defendants' alleged violations of the Fair Labor Standards Act ("FSLA"). After conducting two investigations into Defendants' alleged violations in 2012 and 2017, the Secretary of Labor ("Plaintiff") filed this action on December 18, 2018. (Doc. 1.) Because Plaintiff believed Defendants to be in continuous violation of the FSLA, Plaintiff moved for a preliminary injunction, which the Court granted on February 5, 2021. (Doc. 123). Over a year later, Plaintiffs have alleged that Defendants remain out of compliance with both the preliminary injunction and the FSLA. He has moved for civil

contempt sanctions, and that Motion remains pending with the Court. (Doc. 187.) An evidentiary hearing is scheduled for Tuesday, March 29, 2022. (Doc. 190.)

In preparation for the hearing, Plaintiff has sought to serve subpoenas for in-person appearances on two of Defendants' employees. (Doc. 208.) Because these employees reside in Tucson, Defendants now move to quash based on the geographical distance between Phoenix and Tucson.

## DISCUSSION

Federal Rule of Civil Procedure 45 states that a subpoena "may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person."[1] Fed. R. Civ. P. 45(c)(1)(A). The moving party bears the burden of proof to show why Rule 45 applies. *Regents of Univ. of California v. Kohne*, 166 F.R.D. 463, 465 (S.D. Cal. 1996).

Defendants argue that both Christian Hernandez and Maria Renteria reside more than 100 miles from the Sandra Day O'Connor U.S. Courthouse.[2] (Doc. 208.) But Defendants have failed either to assert, or provide support for the proposition, that these employees' places of employment or locations where they regularly transact business are also more than 100 miles from the courthouse. Residency is only one of three ways in which a party may compel a person's presence within the limits of Rule 45. Fed. R. Civ. P. 45(c)(1)(A). Defendants' employees work at many jobsites that arguably fall within the 100-mile limit; however, Defendants have failed to assert or provide evidence that Mr. Hernandez or Ms. Renteria do not work at those sites. (Doc. 210-1 at 5–9.) Because Defendants have failed to meet their burden as to both Mr. Hernandez and Ms. Renteria, their Motion is denied. *See Kohne*, 166 F.R.D. at 465 (holding that subpoena could not be quashed where moving party had only presented evidence of witness's place of

---

[1] The Rule carves out exceptions for parties, officers of parties, and trial witnesses. Fed. R. Civ. P. 45(c)(1)(B). Because the Court decides the Motion on other grounds, it will not consider whether any exception applies.

[2] Defendants' only support for this proposition are their own records, which are alleged to be inaccurate in Plaintiff's Motion for sanctions, and *were* actually inaccurate for these two witnesses. (Doc. 210-2 at 2–3.) Plaintiff had to use a public records database to find current addresses. (Doc. 210-2 at 2–3.)

employment but not of his residence or where he transacted business); *Corrales v. Castillo*, No. 2:07-cv-00141-LRH-LRL, 2008 WL 11451256, at *2 (D. Nev. Feb. 12, 2008) (noting movant had failed to show that "he does not regularly transact business in or near Las Vegas" because "[m]erely asserting that he conducts business from his office in Tijuana, Mexico does not satisfy this obligation").

## CONCLUSION

Because Defendants have failed to meet their burden of showing that either Ms. Renteria or Mr. Hernandez do not transact business or have a place of employment within 100 miles of the courthouse, their Motion is denied.

**IT IS HEREBY ORDERED** that Defendants' Motion to Quash Subpoenas Issued for Personal Appearances at Evidentiary Hearing on March 29th (Doc. 208) is **DENIED**.

Dated this 28th day of March, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge